## (April 18, 1968)

■ BANK OF NEW YORK, Respondent, v. CLAVIER CORPORATION, Defendant, and R. CARL CHANDLER, Appellant.— Judgment unanimously modified, on the law, to the extent of striking therefrom that part which includes judgment of $2,250 for counsel fees, and the claim for counsel fees is severed and remanded to Special Term for an assessment of damages; otherwise the judgment is affirmed, with $50 costs and disbursements to respondent. Although appellant is as a matter of law responsible for counsel fees incurred incident to the collection of the note guaranteed, this obligation embraces only counsel fees reasonably incurred and not necessarily the precise amount claimed by respondent. (See, *Firemens Fund Ins. Co.* v. *Levy*, 21 Misc 2d 1027.) Concur — Stevens, J. P., Steuer, Tilzer, McGivern and Rabin, JJ.

■ In the Matter of ANTOINETTE BARRY, Formerly Known as ANTOINETTE GLYNN, Respondent, v. THADDEUS GLYNN, Appellant.— Order, entered December 13, 1967, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, motion of respondent to vacate default granted and prior order of November 17, 1967 vacated. (CPLR 2221, 5015, see 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.12; vol. 7, par. 5511.10.) The order of November 17, 1967, effected an award of custody to the petitioner of the parties' 10-year-old daughter "without the benefit of full hearing." Upon remand, the Supreme Court, Bronx County, should exercise its discretion as to whether it would be appropriate to transfer the proceeding to the Family Court, Bronx County (N. Y. Const., art. VI, § 19, subd. a; Family Ct. Act, § 115, subd. [b]; *Kagen* v. *Kagen*, 21 N Y 2d 532). Appeal from order entered November 17, 1967, dismissed, without costs or disbursements, since no appeal lies from an order entered upon default (CPLR 5511). Concur — Stevens, J. P., Steuer, Tilzer, McGivern and Rabin, JJ.

■ In the Matter of the Arbitration between BRIAN BARBUTO, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order entered August 24, 1967, herein appealed from, unanimously reversed, on the law, and the motion to confirm the arbitrator's award is granted, with $50 costs and disbursements to appellant. The statute enumerates the grounds upon which an award may be vacated or modified (CPLR 7511), none of which are shown to be present here. The demand for arbitration was made after the infant claimant attained his majority. Infancy, therefore, was not a disability. The issue of contributory negligence was properly one for the arbitrator (*Matter of Short [MVAIC]*, 42 Misc 2d 682) who was required to pass upon the issues of fault and damages. (See, also, *Matter of Stroud [MVAIC]*, 17 A D 2d 616, affd. 13 N Y 2d 611.) The court may not substitute its judgment for that of the arbitrator merely because it may disagree with an award. Concur — Botein, P. J., Stevens, Eager, McGivern and Rabin, JJ.

■ JOHN HUNT, JR., Respondent, v. VICTOR H. REFF et al., Appellants.— Order dated December 4, 1967, unanimously reversed, on the law, and motion by appellants for summary judgment dismissing the complaint is granted, with $50 costs and disbursements to appellants. The letter terminating plaintiff's employment did not impute a crime and was but a reasonable explanation for the plaintiff's discharge. The letter was not libelous per se, and no special damages having been asserted, the matter is not actionable and the complaint must be dismissed. Concur — Botein, P. J., Stevens, Eager, McGivern and Rabin, JJ.