■ In the Matter of ELIZABETH WOUT, Appellant, v. CORNELIUS S. WOUT, Respondent.— AULISI, J. Appeal from a judgment of the Family Court, Ulster County, entered May 2, 1968, which denied a writ of habeas corpus. Petitioner and respondent are husband and wife and both are Dutch nationals. They were married in the United States in 1958 and a son was born of the marriage in 1962. Martial discord evidenced itself shortly after the marriage and in 1965 petitioner took her infant son to Holland. Respondent made several trips to Holland in an attempt to get his wife to return to their home in Ulster County with their son. Various legal actions were apparently started in the Dutch courts during which custody of the son was granted to the father. Respondent returned to the United States with the boy and petitioner thereafter followed. Strife continued between the parents, respondent keeping custody with petitioner being allowed very limited opportunities to see her son. At one time petitioner took her son away to Michigan against the knowledge or consent of respondent and she again returned to Holland for a period of time. Since 1966 the boy has continued to live with his father in a new home built by respondent for the family. He is cared for by his father and now attends school. After school he stays with a

neighbor's family until his father returns from his employment which he has had for 10 years as a waiter manager of a local restaurant. Petitioner resides in an apartment and has been employed for approximately one and one-half years at another restaurant. She has the boy with her each weekend. After several hearings, psychiatric examinations and probation investigation, custody was awarded to respondent with liberal visitation privileges granted to petitioner. Petitioner contends that the record does not support the determination because there are no overriding considerations present to deny the general principle of the propriety of committing a child of tender years to its mother (*Ullman* v. *Ullman*, 151 App. Div. 419, 424; *People ex rel. Pritchett* v. *Pritchett*, 1 A D 2d 1009, affd. 2 N Y 2d 947). However, there is no prima facie right to custody in either parent and the ultimate consideration in a case of this type is the welfare of the child (Domestic Relations Law, § 70; *Lockwood* v. *Jagiello*, 24 A D 2d 544). The child has lived with his father for three years, is now seven years old and attends school. There is no contention that his care has been in any way deficient under the circumstances except for the denial of maternal companionship and care. In contrast, petitioner's conduct prior to the recent past raises serious questions as to her concern for the family welfare (see *Sheil* v. *Sheil*, 29 A D 2d 950). Based upon all the facts and circumstances in the present record we find no grounds upon which we should interfere with the determination of the Family Court. Generally custody should be established on a long-term basis whenever possible and unless it has been shown that the custodial parent is unfit, or possibly less fit, to continue to serve as the proper custodian, changed circumstances or improved condition or status of the other parent is insufficient to wrest custody away from the custodial parent (*Matter of Metz* v. *Morley*, 29 A D 2d 462; *Schuler* v. *Schuler*, 29 A D 2d 669). The overriding consideration of the child's welfare dictates that a continual shifting back and forth of custody should be avoided whenever possible (*Matter of Lang* v. *Lang*, 9 A D 2d 401, affd. 7 N Y 2d 1029). Petitioner also contends that the Family Court ignored the evaluation of the Ulster County Mental Health Center and improperly considered a report made by a Dutch Child Welfare Board. Suffice it to say that the parties stipulated that " the parties subject themselves pursuant to the Family Court Act to the Jurisdiction of the Court for the purpose of having psychiatric evaluations and such other investigative procedures that may be necessary in helping the Court to come to a determination." (See *Kesseler* v. *Kesseler*, 10 N Y 2d 445.) Although the Mental Health Center Report was favorable to petitioner, no specific recommendation as to granting custody was made. The admittedly unfavorable Dutch report only expanded upon testimony already contained in the record and was submitted as a supplement to the Ulster County Probation Department report which investigation recommended that the father should have custody of his son. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Cooke and Greenblott, JJ., concur in memorandum by Aulisi, J.