■ In the Matter of ROBERT J. EBERT, Appellant, v RENEE A. EBERT, Respondent.—Order unanimously reversed, without costs, and petition granted in accordance with the following memorandum: Petitioner father appeals from a Family Court determination dismissing his order to show cause which seeks a change of custody from the mother of the parties' three children. The parties were married in 1964. They lived for brief periods in various places until 1967 when they moved to Oswego, New York, the family home place of the father. At that time the oldest child, Robert, was four years of age and the second child, Jennifer, was three years old. A third child, Matthew, now five years old was born in Oswego. The parties lived in a large, comfortable home where the father still resides. In January, 1973 the mother informed the father that she wanted to leave him in June.

The parties entered into a separation agreement by which the mother was given custody of the children and in August, 1973 the father secured a divorce on the grounds of cruel and inhuman treatment. The children were transferred to the mother in August, 1973 and she then moved to New Jersey to live near a male friend whom, she testified, she intends to marry as soon as he secures a divorce. Under the decree the father was given very liberal visitation rights which included having the children live with him in Oswego six weeks each summer and also during the Thanksgiving, Christmas and spring vacation periods. Shortly before the commencement of these proceedings the children were spending the 1974 summer vacation with the father. The children, and particularly the older two, had told the father and others that they wanted to live permanently with their father. A very emotional incident took place that summer when the mother, her brother and her male friend attempted to take the children back to New Jersey with the mother. At that time the mother took the five-year-old son and left the older children with the father. During the Family Court proceedings the Judge interviewed the two older children in his chambers. While expressing affection for their mother both children clearly stated a preference to live with the father. They said that they preferred to live in Oswego where they had many friends, they did not like New Jersey, they were happy in the Oswego school and generally "like it better in Oswego". A qualified psychologist testified that in his opinion "it would be more desirable for the children to remain under the protection of the father in an atmosphere they feel more secure." No court can speak in terms of absolute certainty in a custody proceeding such as the instant case. The welfare of the children is the court's paramount concern (Domestic Relations Law, § 70). While each parent has shown great interest in an affection for the children neither has a prima facie right to custody *(Matter of "FF" v "FF", 37 AD2d 893, 894; Matter of Wout v Wout, 32 AD2d 709, 710)*. Family Court based its determination on *Dintruff v McGreevy, (34 NY2d 887)*. That decision is analogous only insofar as the children expressed a desire to live with the father, as in the case at bar. The court in *Dintruff* stated (p 888), "We believe that custody of children should be established on a long-term basis and should not be changed merely because a child at some time states that he desires it." In *Dintruff* the children had lived with the mother for eight years. In our case the children had lived less than a year with the mother and have lived over six years in Oswego, most of the time with both parents. The father has a large family of over 40 relatives living in the Oswego area while no relative on either side lives in the vicinity of the mother's New Jersey residence. She frankly admits that she chose this location because her male friend resides there. Although the fact that the father's home is physically larger and more comfortable than the mother's apartment should not be determinative *(Matter of Spence-Chapin Adoption Serv. v Polk, 29 NY2d 196, 198–199)*, the fact that the father lives in Oswego where the children have so many friends, relatives and, in a sense, roots weighs substantially in our decision. It is regrettable that the children must be separated, but we believe that all of the circumstances preponderate in granting custody of the two older children to the father and custody of the youngest child to the mother, with liberal visitation rights to both parents. If the parties cannot amicably agree on these visitation rights, application should be made to Oswego County Family Court to set them. Respondent mother has asked for additional counsel fees and expense allowance. The allowance made by the Family Court should be increased and we direct that appellant father should pay an additional $250 for counsel fees and an

additional $250 for the mother's expenses. (Appeal from order of Oswego County Family Court in custody proceeding.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.