■ In the Matter of VICKI DALEY, Appellant, v WILLIAM J. DALEY, JR.,

Respondent.—Appeal from an order of the Family Court, Columbia County, entered January 2, 1975, which denied petitioner's request for custody and awarded custody of the child to the respondent. In this proceeding to obtain the custody of her infant daughter, petitioner was the sole witness on her own behalf and respondent moved to dismiss the petition at the conclusion of her testimony. The motion was ultimately granted and custody was awarded to the respondent father. This appeal ensued. The paramount concern of the court in a custody proceeding is the best interests of the child (Domestic Relations Law, § 240; *Matter of Lincoln v Lincoln,* 24 NY2d 270) and the issue is one which should not be resolved without a full and comprehensive hearing *(Corso v Corso,* 48 AD2d 652; *Matter of Barry v Glynn,* 29 AD2d 927). Neither parent has a prima facie right to custody (Domestic Relations Law, § 240; *Matter of Ebert v Ebert,* 47 AD2d 992; *Matter of Wout v Wout,* 32 AD2d 709), and, while the ultimate determination on the question of custody is within the discretion of the court, its exercise thereof must be substantiated by the testimony *(Bunim v Bunim,* 298 NY 391). Although the respondent testified briefly, nothing of substance concerning his position on the question of custody was elicited. Accordingly, when the issue is contested and ultimately resolved without any relevant proof on behalf of one party, it is not possible to determine which parent is in a better position to care for the child. Order reversed, on the law and the facts, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent herewith, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.