■ LARRY S. INGALLS, as Father of WADE F. INGALLS, an Infant, Respondent, v JOAN A. INGALLS, Appellant.—Order unanimously affirmed, without costs. Memorandum: Petitioner and respondent were married in 1969 and their son, Wade, was born on January 28, 1971. In May, 1973 respondent, with Wade, left the marital residence. Thereafter petitioner brought a habeas corpus proceeding in Jefferson County Family Court seeking custody of Wade, and a hearing was held thereon in the spring of 1974. The court did not award custody to either parent to the exclusion of the other but directed that the child should live with his mother and granted broad visitation privileges, including weekends and the summer months, to the petitioner. At the time of that hearing respondent was pregnant and it was admitted that one Terry Shelly, who was a frequent visitor to respondent's residence, was responsible for the pregnancy. Immediately subsequent to the court's earlier award, respondent took up permanent residence with Terry Shelly and soon thereafter a child, Darin, was born to them. In this proceeding, instituted in January, 1975, petitioner sought custody of Wade based upon changed circumstances. Respondent appeals from Family Court's award of custody to petitioner, contending, *inter alia,* that the court abused its discretion in basing its award upon respondent's "one isolated incident of misconduct". Such is not the case, however. In giving custody of Wade to his father, the court took into account the totality of the circumstances of the parties and determined that paternal custody was in the child's best interest. In a custody proceeding involving two natural parents, the welfare of the child must be the court's paramount concern (Domestic Relations Law, § 70; *Matter of Ebert v Ebert,* 47 AD2d 992 mod on other grounds, 38 NY2d 700) and the disposition of the Family Court should not be disturbed in the absence of manifest error or abuse of discretion *(Arcarese v Monachino,* 58 AD2d 1030). There is "no

prima facie right to the custody of the child in either parent" and the court should consider the circumstances of the case and of the respective parties (Domestic Relations Law, § 240): The record reveals a substantial change of circumstances after the initial hearing which justified the trial court's award. Though the respondent had kept company with Terry Shelly prior to the first proceeding, she had since taken up residence with him and was living openly in an extramarital relationship. Shelly was found by the court to be "a victim of alcohol" and the evidence showed that there were several quarrels and disturbances in respondent's home as a result of Shelly's drinking problem. On two occasions during the time between the two proceedings it was necessary for the respondent to leave Shelly and return to her mother's home because of trouble caused by Shelly's drinking. On one of those occasions it was necessary to call for the aid of police to have the infant Wade removed from the home. As a direct result of respondent's conduct, her mother testified in support of the award of custody to petitioner. The record also reveals that Shelly, though previously married, has three other children born out of wedlock. He is unemployed, as is the respondent, and both require welfare assistance. It further appears that on at least one occasion they were unable to heat their residence adequately and for approximately one week they were unable properly to feed their own child, Darin. Moreover, it was shown that the infant Wade was reticent about returning to his mother after visitation with his father. Based upon these and other facts, the court did not abuse its discretion when it concluded that "it is for Wade's best interest that his father have custody of him" and liberal visitation privileges were awarded to respondent. We have considered the other issue raised by respondent on appeal and we find it to be without merit. (Appeal from order of Jefferson County Family Court—custody.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.