■ JOYCE F. LUCEY, Respondent, v PATRICK G. LUCEY, Appellant. (Appeal No. 1.)—Judgment unanimously modified, without costs, in accordance with memorandum, and, as modified, affirmed. Memorandum: The record supports Special Term's judgment granting a divorce to each of the parties on the ground of cruel and inhuman treatment as alleged in the complaint and in the counterclaim (see Fomenko v Fomenko, 50 AD2d 712). It is an elemental principle, however, that custody of the children of a marriage should not be split between the parents in the absence of unusual circumstances, and by no means as a compromise of the respective claims and feelings of the parents (see Matter of Ebert v Ebert, 38 NY2d 700, modfg our decision in 47 AD2d 992; Obey v Degling, 37 NY2d 768; Aberbach v Aberbach, 33 NY2d 592). Deciding custody of children as between parents both of whom love and want them is always difficult; but the controlling consideration is the welfare of the children. We conclude that in the best interests of the children the judgment should be modified to give custody of all of them to the defendant, the father. Accordingly, the judgment is modified to provide that the custody of Timothy, Terrence and Daniel is also awarded to the defendant, subject to reasonable visitation rights to the plaintiff. The judgment is further modified to grant exclusive possession of the marital residence to the defendant who shall maintain it and all current expenses thereof. The question of plaintiff's visitation rights is remitted to Supreme Court, Erie County, for determination if the parties do not agree thereon. Insofar as visitation rights shall authorize any of the children to live with plaintiff for vacation periods of a week or more, Special Term should fix a reasonable support allowance for defendant to pay to plaintiff therefor. In all other respects the judgment is affirmed. The appeal from the order denying defendant's motion to modify the judgment on the ground of change of circumstances is dismissed as moot. (Appeal from judgment of

Erie Supreme Court—divorce.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.