■ THEODORE S. BISTANY, Respondent, v BARBARA A. BISTANY, Appellant. BARBARA A. BISTANY, Appellant, v THEODORE S. BISTANY, Respondent. —Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In these consolidated habeas corpus and divorce proceedings, the trial court awarded custody of two boys, Michael and Theodore, aged 15 and 12 respectively, to the husband, and custody of two girls, Margaret and Ann, aged 16 and 14 respectively, to the wife. In reaching its determination, the court noted its awareness of the strong policy against separating children from each other in custodial disputes. It is well established that the nourishment of familial bonds is much to be encouraged and in proceedings of this nature children should not be separated from each other in the absence of unusual and compelling circumstances (*Matter of Ebert v Ebert,* 38 NY2d 700, 704; *Obey v Degling,* 37 NY2d 768, 771; *Lucey v Lucey,* 60 AD2d 757; *People ex rel. Borella v Borella,* 21 AD2d 871). This is an original custodial dispute which follows the separation of the parties after a 16-year marriage. In such circumstances, neither party has a prima facie right to custody (Domestic Relations Law, § 240) and the paramount concern of the trial court must be the welfare and best interests of the children (Domestic Relations Law, §§ 70, 240; *Matter of Lincoln v Lincoln,* 24 NY2d 270, 271-272). The Trial Justice here gave careful attention to his responsibilities. The parties and their witnesses were afforded a full opportunity to present their evidence and the court conducted a thorough and enlightening *in camera* interview with the children. The court also had the benefit of reports on the parents and on each of the children from a court-appointed psychologist, together with the views of a clinical child psychologist who conducted extensive interviews with the children and testified at the behest of the husband. It is readily apparent that the court was motivated by concern for the welfare of the children and that its result was "by no means * * * a compromise of the respective claims and feelings of the parents" (*Lucey v Lucey,* 60 AD2d 757, *supra*). Indeed, the court noted in its decision that its obligation was "to protect the children's physical well-being as well as safeguarding their psychological needs as opposed to making a decision which would instead serve the emotional needs of parents". In matters of this nature, "the findings of the nisi prius court must be accorded the greatest respect" (*Matter of Irene O.,* 38 NY2d 776, 777; *Matter of Ebert v Ebert,* 38 NY2d 700, 703, *supra*). There is substantial basis in the record as submitted to

support the trial court's award of custody. Indeed, an award of custody of the boys to the wife might well have produced a most undesirable traumatic impact. The reports and testimony of the medical experts strongly recommended that the court award custody of the boys to the husband and those recommendations are adequately supported. Additionally, the separation of the children for several months prior to the trial appears to have been well received by them. While it is clear that a child's views should not be determinative of the result in a custody dispute, it is also recognized that his views "should be considered to ascertain his attitude and to lead to relevant facts" (*Dintruff v McGreevy*, 34 NY2d 887, 888). Here the court's *in camera* inquiry developed facts which, when considered in conjunction with the recommendations of the experts, justify the court's award as being in the best interests of each of the children. The other issue raised on appeal relates to the court's direction in the judgment that the wife shall be responsible for mortgage payments and the payment of taxes and insurance on the marital residence, the exclusive occupancy of which was awarded to her. Essentially, the economic aspects of this action were resolved by stipulation between the parties but it appears that responsibility for the payment of those items was overlooked. The record as submitted is inadequate to resolve the issue and the matter must be remitted to the trial court to give the parties an opportunity to present whatever evidence they deem appropriate in support of their respective positions and to make an appropriate determination thereon. (Appeal from judgment of Erie Supreme Court—divorce, custody.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.