■ Frances Avella, Appellant, v Philip Avella, Respondent.—In a matrimonial action, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Kings County, entered August 16, 1979, which, *inter alia,* awarded custody of the parties' minor children to the defendant husband. Judgment reversed insofar as appealed from, on the law, with costs, and the third and fourth decretal paragraphs thereof are deleted, and those parts of the fifth decretal paragraph which (a) awarded defendant the children's furniture and (b) provided that a certain stipulation shall survive the judgment are deleted. The case is remitted to Special Term for a new trial before a different Justice on the issues of custody and visitation. The only issue disputed at trial was that of custody. In the interests of expediting the trial, the court extensively questioned the witnesses and excluded other witnesses whose testimony the parties sought to present. Custody is determined in the best interests of the child *(Martin v Martin,* 45 NY2d 739). The issue is one which should not be resolved without a full and fair hearing *(Matter of Daley v Daley,* 51 AD2d 830). Here, the manner in which the trial was conducted has resulted in too sparse a record on which to resolve the children's best interests (see *Matter of Mitchell v Mitchell,* 67 AD2d 924). The trial court placed primary emphasis on who was to care for the children while the parents were at work. However, the court excluded the testimony of the mother's candidate while determining that the paternal grandmother would be a better caretaker. This approach was hardly fair or thorough (see *People ex rel. Cusano v Leone,* 43 NY2d 665). Moreover, we question the emphasis placed on the secondary caretaker where one child is in school and the other is rapidly arriving at that age. More uninterrupted testimony should have been permitted on the parties' interest and ability as primary custodians of the children. In addition, testimony should be allowed as to the reasons why the parties came to reside with the husband's family and continued to reside there in face of increasingly strained relations and assumed responsibilities, and as to the events which led to the wife's departure from the household. The court should not have provided that the parties' stipulation would survive and not be merged in the judgment (see *Nicoletti v Nicoletti,* 43 AD2d 699). Titone, J. P., Mangano, Rabin, Cohalan and Weinstein, JJ., concur.