■ In the Matter of Adoption of GABRIELA, an Infant. JIMMY G. et al., Respondents; BRIAN B. et al., Appellants. FAUZIA S. KHAN, as Law Guardian, Appellant. [723 NYS2d 797] —Order unanimously reversed on the law and facts without costs, petition for custody granted to the extent that sole custody is awarded to respondent-petitioner Brian B., petition for adoption and cross petition for custody dismissed and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Gabriela was born out of wedlock on January 27, 1999. On February 4, 1999, respondents-petitioners, Brian B. and Jodi O. (respondents), executed extrajudicial consents to the adoption of Gabriela by petitioners-respondents (petitioners), Jimmy G. and Jacqueline (Jackie) G. Petitioners then filed an adoption petition. On March 11, 1999, respondents filed a timely notice of revocation of consent to the adoption (*see,* Domestic Relations Law § 115-b [3] [a]) and filed a petition in Family Court seeking joint custody of Gabriela. Petitioners opposed the revocation and cross-petitioned for custody of the child. The court ordered a schedule of visitation whereby the adoptive and birth parents shared physical custody of Gabriela, and that order has remained in effect. We previously affirmed an order in which the court found that the extrajudicial consents were valid,

"thus necessitating a hearing to determine the best interests of the child" (*Matter of Gabriela*, 273 AD2d 940). In determining the child's best interests, neither the adoptive parents nor the birth parents have a superior right to custody (*see,* Domestic Relations Law § 115-b [3] [b]; [6] [d] [ii]; *see also, Matter of Sarah K.,* 66 NY2d 223, 235, *cert denied sub nom. Kosher v Stamatis,* 475 US 1108).

The hearing was conducted on 20 separate dates over the course of a one-year period. At the conclusion of the hearing, the court determined that it was in the best interests of Gabriela to remain in the custody of her adoptive parents and granted an order to that effect. That order was stayed pending the outcome of this appeal. For the reasons that follow, we conclude that the best interests of the child are served by an award of sole custody to Brian B.

Generally, a hearing court's determination in a custody dispute, insofar as it is based upon first-hand assessments of the credibility and character of the witnesses, will be accorded great deference on appeal (*see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v Eschbach,* 56 NY2d 167, 173). The authority of an appellate court, however, is as broad as that of Family Court (*see, Matter of Louise E. S. v W. Stephen S., supra,* at 947; *see also, Michael G. B. v Angela L. B.,* 219 AD2d 289, 292), and " '[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record' " (*Sean I. R. v Jennifer J. B.,* 251 AD2d 1034, quoting *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

Here, the court's determination lacks a sound and substantial basis in the record. The court based its determination in large part on findings of fact that misrepresent the record or are otherwise unsupported by the record. The court minimized the seriousness of Jimmy G.'s history of sexual offenses against young women, including a 17-year-old niece, by referring to those offenses as "incidents" and failing to specify that one of the offenses was against a relative. The court's finding that Jimmy G. "voluntarily and successfully participated in counseling as a result of his sexually inappropriate actions" is unsupported by the record. Counseling was court-ordered as a result of the convictions resulting from his sexually abusive behavior. Further, petitioners continue to maintain that the criminal sexual behavior of Jimmy G. was solely the result of his alcohol and drug abuse problems and thus, any psychological issues underlying the sexual behavior have not been addressed. Al-

though Jimmy G. currently abstains from the use of alcohol, his income is derived solely from his ownership of two bars where he works, thus placing him in an environment that is not conducive to continued abstinence.

Further, the court failed to address the relevant factors to be considered in determining the best interests of the child. " 'Primary among [those factors] are the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided (*see, Eschbach v Eschbach, [supra,* at] 172). Other factors to be considered by the court include the original placement of the child, the length of that placement, the relative fitness of the parents, and the parents' financial status (*see, Klat v Klat,* 176 AD2d 922, 923)' " (*Matter of Baby Boy P.,* 244 AD2d 491; *see, Matter of Baby Boy M.,* 269 AD2d 450).

The court's finding that Brian B. failed to plan for Gabriela is unsupported by the record. Brian B. planned to build a home and he utilized family for day care and became fully involved in Gabriela's development. The court's emphasis on Jackie G.'s lack of a criminal record implicitly ignores the fact that, despite two arrests, Brian B. also lacks a criminal record because neither arrest resulted in a conviction. The testimony at the hearing established that, upon the birth of Gabriela, Brian B. was rarely seen out socially and spent his weekend nights caring for Gabriela. He alone has demonstrated willingness to put the child's best interests above his own. Further, Brian B. has a higher income from his employment as a commercial carpenter than that reported by petitioners combined.

We conclude that the court's findings with respect to Jodi O. are supported by the record. By consuming large quantities of alcohol and smoking cigarettes during her pregnancy with Gabriela, she demonstrated a willingness to put her wishes ahead of Gabriela's physical and mental health. That behavior continued after the birth of the Gabriela. Jodi O. continued to drink alcohol to excess on a routine basis, and she left Gabriela unattended for significant periods of time. In addition, Jodi O. admitted to lying about her second pregnancy, and there was overwhelming evidence that, to avoid hearing comments about her use of alcohol, she falsely claimed to have miscarried Gabriela. Thus, the evidence establishes that Jodi O. should not have custody of Gabriela. She should, however, be granted reasonable visitation. Gabriela should be able to develop a relationship with her half-sibling and continue her relationship with Jodi O. and her extended family.

We conclude that the court did not err in discounting the

report of the court-appointed psychologist and the recommendation of the Law Guardian to award joint custody to respondents. "A court is not required to adopt the recommendation of a Law Guardian" or the opinion of a court-appointed psychologist (*Salerno v Salerno,* 273 AD2d 818, 819; *see, Matter of Aldrich v Aldrich,* 263 AD2d 579). Here, the Law Guardian's recommendation was based primarily on the psychologist's report and was made before Jodi O. admitted to lying to the court about her second pregnancy as well as the identity of the father of that child. The psychologist's report was based on misrepresentations and material omissions by the parties, including the failure of Jimmy G. to disclose one of his three acts of sexually abusive behavior toward young women.

We conclude that the best interests of Gabriela would be served by awarding Brian B. sole custody. We therefore reverse the order, grant the petition for custody to the extent that sole custody is awarded to Brian B., dismiss the petition for adoption and the cross petition for custody and remit the matter to Niagara County Family Court to fashion an appropriate order of visitation with respect to Jodi O. (Appeals from Order of Niagara County Family Court, Batt, J.—Adoption.) Present—Pigott, Jr., P. J., Pine, Wisner, Hurlbutt and Kehoe, JJ.