In the Matter of JEFFREY L.J., Appellant-Respondent, v RACHEL K.B., Respondent-Appellant. THOMAS N. MARTIN, as Law Guardian, Appellant. [839 NYS2d 391]—

Appeals and cross appeal from an order of the Family Court, Orleans County (Eric R. Adams, J.), entered January 11, 2007 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded the parties joint custody of their child with primary physical residence with respondent in Georgia.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by awarding petitioner primary physical residence of the parties' child and vacating the 1st, 2nd, 4th, 5th, 8th, and 12th through 22nd ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Orleans County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding seeking modification of a prior order entered upon

the stipulation of the parties, pursuant to which respondent mother had primary physical residence of the parties' child in Texas. The father and the Law Guardian appeal and the mother cross-appeals from an order that, inter alia, awarded the parties joint custody of their now 11-year-old son, with primary physical residence with the mother, who was then living in Georgia. We conclude that Family Court should have granted the father primary physical residence of the child. We therefore modify the order accordingly, and we remit the matter to Family Court to fashion an appropriate visitation schedule.

The court determined following an extensive hearing, which included the testimony of the parties and expert witnesses, that the father established the requisite change in circumstances to warrant an inquiry into the best interests of the child. In determining that it was in the best interests of the child to reside with the mother, the court stated that she was in a better position to provide financially for the child and to address his educational needs, but the court noted that the father was "much more attuned to [the child's] emotional development."

We conclude that the evidence supports the court's determination that there was a change in circumstances warranting a best interests review. A psychologist testified that the child was suffering from "dysthymic disorder, generalized anxiety disorder . . . and parent-child relational problems" (*see generally Hotze v Hotze*, 57 AD2d 85, 86-87 [1977], *lv denied* 42 NY2d 805 [1977]). While the child was residing in New York with the father pursuant to a temporary order of custody, he was seen by several experts. The experts testified that the child reacted badly when asked to discuss his mother and that there was some change in his emotional health when he spent time with her (*see generally Matter of Millett v Millett*, 270 AD2d 520, 520-521 [2000]).

Turning to the issue of the best interests of the child, we note that numerous factors are to be considered, including the continuity and stability of the existing custodial arrangement, the quality of the child's home environment and that of the parent seeking custody, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the individual needs and expressed desires of the child (*see Fox v Fox*, 177 AD2d 209, 210 [1992]). We conclude that the factors here weigh in favor of an award of primary physical residence to the father. We note in particular the testimony of the expert witnesses indicating that the father was better able to provide for the child's emotional development and the fact that the

child expressed the desire to reside with the father (*see Matter of Taylor v Rivera*, 261 AD2d 947 [1999]). We further note that the Law Guardian recommended and contends on appeal that the father should be the primary custodial parent of the child (*see generally Matter of Groth v Groth*, 239 AD2d 953 [1997]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.