In the Matter of BRYAN K.B., Respondent, v DESTINY S.B., Appellant. (Proceeding No. 1.) In the Matter of DESTINY S.B., Appellant, v BRYAN K.B., Respondent. (Proceeding No. 2.) (Appeal No. 1.) [844 NYS2d 535]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered September 15, 2006 in a proceeding pursuant to Family Court Act article 6. The order awarded petitioner-respondent custody of the child with visitation to respondent-petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is denied, the cross petition is granted, custody of the child is awarded to respondent-petitioner with visitation to petitioner-respondent and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: Bryan K.B. and Destiny S.B. are the parents of Clayton B. Approximately nine months after Bryan K.B., the father, moved out of the marital residence, he petitioned for custody of the child. Destiny S.B, the mother, thereafter cross-petitioned for custody. Family Court conducted a hearing and, by the order in appeal No. 1, the court granted the father custody of the child, with visitation to the mother. The father failed to act upon that order, however, and the mother thereafter petitioned for a change of custody. The court conducted a second hearing and, by the order in appeal No. 2, the court continued custody with the father. We conclude that the court erred in awarding custody to the father in the first instance, and we therefore dismiss appeal No. 2 as moot (*see Lucey v Lucey*, 60 AD2d 757 [1977]).

Generally, a " 'court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Matter of Hill v Rogers*, 213 AD2d 1079, 1079 [1995]; *see Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101-1102 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of John P.R. v Tracy A.R.*, 13 AD3d 1125 [2004]). "Such deference is not warranted, however, where the custody determination lacks a sound and substantial basis in the record" (*Fox v Fox*, 177 AD2d 209, 211-212 [1992]). In our view, the court's determination in this case lacks a sound and substantial basis in the record.

Although primary importance is to be placed on each parent's "ability to provide for the child's emotional and intellectual development, the quality of the home environment and the parental guidance provided" (*Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), none of those factors was adequately addressed in the court's decision. Furthermore, the court failed to take into consideration such important factors as the desires of the child and his need for stability in remaining with the only primary caretaker he has known (*see id.*; *see also Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]).

Our authority in determinations of custody is as broad as that of Family Court (*see Louise E.S.*, 64 NY2d at 947) and where, as here, the record is sufficient for this Court to make a best interests determination (*see Matter of Brian C.*, 32 AD3d 1224, 1225 [2006], *lv denied* 7 NY3d 717 [2006]), we will do so in the interests of judicial economy and the well-being of the child (*see Matter of Hilliard v Peroni*, 245 AD2d 1107 [1997]; *cf. Matter of Van Gorder v Van Gorder*, 188 AD2d 1049, 1050 [1992]). In making a determination concerning custody, "numerous factors are to be considered, including the continuity and stability of the existing custodial arrangement, the quality of the child's home environment and that of the parent seeking custody, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the individual needs and expressed desires of the child" (*Matter of Jeffrey L.J. v Rachel K.B.*, 42 AD3d 912, 913 [2007]; *see Fox*, 177 AD2d at 210; *see generally Eschbach*, 56 NY2d at 171-173). After reviewing those factors, we conclude that it is in the child's best interests to award custody to the mother, although it appears that both parents are fit and appropriate caretakers. First, the mother was the child's primary caretaker for the child's entire life, with the possible exception of three months, and thus the continuity and stability of that living situation weighs in favor of the mother. Second, although the mother has some physical ailments and suffers from some degree of depression, those problems have not prevented her from taking an active role in the child's upbringing. Third, the quality of the home environment weighs in favor of the mother. She has a four-bedroom apartment, which she shares with one or two of the child's half siblings. The father, on the other hand, shares a two-bedroom apartment with his girlfriend and her baby and, on weekends, with her three other children as well. Additionally, the father is absent during significant portions of the day, and thus the child is cared for by the father's girlfriend, a woman with whom the

child has a questionable relationship. Fourth, the evidence establishes that the mother took a much more active role than the father in the emotional and intellectual development of the child by enrolling him in numerous extracurricular activities, including music lessons, a library reading program, soccer and a handbell choir at church. Finally, the Law Guardian indicated that the child was very happy residing with the mother, while the father's girlfriend admitted that the child often acted out while at the father's residence.

We therefore reverse the order in appeal No. 1, deny the father's petition, grant the mother's cross petition, award custody of the child to the mother with visitation to the father and remit the matter to Family Court to fashion an appropriate visitation schedule. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.