■ In the Matter of MICHAEL P., Respondent, v JUDI P., Appellant. In the Matter of JUDI P., Appellant, v MICHAEL P., Respondent. In the Matter of RONALD W., Respondent, v JUDI P., Appellant. In the Matter of JUDI P., Appellant, v RONALD W., Respondent. [856 NYS2d 370]—

It is hereby ordered that the order so appealed from is unanimously modified on the law by awarding primary physical custody of the children to respondent-petitioner, Judi P., and by vacating the 7th through 10th ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Judi P., the mother of the two children at issue herein, appeals from an order that, inter alia, awarded primary physical custody of her son and daughter to their respective fathers, Ronald W. and Michael P., with joint custody with the mother and the respective fathers. We agree with the mother and the Law Guardian that it is not in the best interests of the children to reside with their fathers. Our authority is as broad as that of Family Court in matters of custody (*see Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Gabriela*, 283 AD2d 983, 984 [2001], *lv denied* 96 NY2d 721 [2001]) and, in our view, the court's determination lacks a sound and substantial basis in the record and thus should not be given deference (*see Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1449 [2007]; *Gabriela*, 283 AD2d at 984). In making a determination concerning custody, "numerous factors are to be considered, including the continuity and stability of the existing custodial arrangement, the quality of the child's home environment and that of the parent seeking custody, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the individual needs and expressed desires of the child" (*Matter of Jeffrey L.J.*

*v Rachel K.B.*, 42 AD3d 912, 913 [2007]; *see Fox v Fox*, 177 AD2d 209, 210 [1992]).

At the time Ronald filed his petition seeking custody of his son, the child had been in the mother's primary physical custody for 10 years pursuant to an existing custodial arrangement entered upon the consent of Ronald and the mother. "It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The record before us establishes that the son had no behavioral issues and had been doing well academically while residing with his mother, whereas he was unhappy and not performing as well academically while in Ronald's care pursuant to a temporary order issued by the court. In awarding primary physical custody of both children to their respective fathers, the court was primarily concerned with the mother's association with known criminals, but the mother testified at the hearing on the petitions that she was no longer associating with those individuals since the issuance of the court's temporary order. In addition, we note that both the mother and Ronald had allowed the children to be in the company of individuals with criminal backgrounds, and Ronald himself had a criminal background. We thus conclude that the court erred in failing to hold Ronald equally accountable for his actions. The quality of the home environment weighed in favor of the mother inasmuch as she had a three-bedroom home whereas Ronald had a two-bedroom home that was still under construction. The evidence also established that the mother took an active role in the son's emotional and intellectual development, while Ronald had not placed priority on the son's well-being, having the son stay in his vehicle all day while he worked and having taken his son with him on a date.

With respect to the daughter, the record before us establishes that her father, Michael, also had allowed her to be in the company of individuals with known criminal backgrounds and, indeed, had hired one of those individuals as a baby-sitter. Although there was no formal custody arrangement between the mother and Michael, the mother has had primary physical custody of the daughter since Michael moved out of the house in October 2002. Michael testified that he worked 60 to 70 hours per week, including midnight shifts, and that he therefore relied primarily on his present girlfriend, who was married to another man, to care for the daughter. Although Michael denied having

any issues with drinking or gambling, the testimony of the mother and, indeed, his own testimony suggested otherwise. Further, by granting primary physical custody to the mother, the siblings will once again be residing in the same household (*see Eschbach*, 56 NY2d at 173; *Salerno v Salerno*, 273 AD2d 818, 819 [2000]).

We therefore modify the order by awarding the mother primary physical custody of the children and by vacating those ordering paragraphs providing for visitation, and we remit the matter to Family Court to fashion an appropriate visitation schedule. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.