Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered April 6, 2012 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed that part of the petition seeking a modification of custody.
It is hereby ordered that the order insofar as appealed from is reversed on the law without costs, the petition is granted in part by awarding primary physical custody of the child to petitioner and visitation to respondent, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner mother commenced this proceeding seeking, inter alia, to modify a prior order of joint custody granting respondent father physical custody of the parties’ child (child) by awarding physical custody of the child to her. As limited by their briefs, the mother and the Attorney for the Child (AFC) appeal from the order insofar as it dismissed that part of the petition seeking a modification *1511 of the parties’ custody arrangement on the ground that the mother failed to establish a change in circumstances.
A party seeking a change in an established custody arrangement has the “burden of establishing a change in circumstances sufficient to warrant an inquiry into whether the best interests of the child warranted a change in custody” (Matter of York v Zullich, 89 AD3d 1447, 1448 [2011]). Although, as a general rule, the custody determination of the trial court is entitled to great deference (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]), “[s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record” (Fox v Fox, 177 AD2d 209, 211-212 [1992]). Moreover, “[o]ur authority in determinations of custody is as broad as that of Family Court” (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [2007]; see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]).
We agree with the mother and the AFC that the mother met her burden of establishing a change of circumstances. Since the original custody trial, each party has remarried and has had two additional children who are younger than the subject child, and the father has two step-children who are older than the subject child. The evidence established that the child felt isolated in the father’s home and indicated a strong desire to live with the mother. While a 10-year-old child’s preference regarding the parent with which he or she would like to reside is not dispositive, it is a factor to consider in determining whether there has been a change in circumstances (see Matter of Taylor v Rivera, 261 AD2d 947, 948 [1999]; see generally Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047 [2011]). The evidence further established that the child’s anxiety with respect to living with the father has progressed to the point where he has expressed to others his thoughts of harming the father and the father’s family, which led the parties to agree that the child needs counseling.
The father contends that, inasmuch as there was no showing that he was unfit or less fit than the mother, the current custodial arrangement should not be altered simply to accommodate the desires of the child (see Fox, 177 AD2d at 211). We reject the father’s contention that the current custodial arrangement should not be changed. The Court of Appeals has cautioned that “[t]he only absolute in the law governing custody of children is that there are no absolutes” (Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]), and that “no one factor, including the existence of the earlier decree or agreement, is determinative of whether there should, in the exercise of sound *1512 judicial discretion, be a change in custody” (id. at 93-94). We conclude that this case is unique because the record establishes that the child suffers from extreme anxiety as a result of the current custodial arrangement. Although the reason for his anxiety is not clear, it is clear that the child is not doing well under the current arrangement. Thus, on this record, we conclude that there has been a sufficient change in circumstances warranting an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement.
Inasmuch as the record is sufficient for this Court to make a best interests determination, we will do so “in the interests of judicial economy and the well-being of the child” (Bryan K.B., 43 AD3d at 1450). After reviewing the relevant factors (see Fox, 177 AD2d at 210), we conclude that it is in the child’s best interests to award the mother primary physical custody of the child. While the father has been the primary residential parent for the past five years, the mother is better able to provide for the child’s emotional needs. The evidence established that the child confided in the mother and felt secure addressing his emotional issues with her, whereas he was afraid to discuss any issues or problems with the father. Given the child’s anxiety, the mother’s ability to provide for the child’s emotional needs is a factor that should be accorded greater weight. We therefore reverse the order insofar as appealed from and grant the petition in part by awarding the mother primary physical custody of the child and visitation to the father, and we remit the matter to Family Court to fashion an appropriate visitation schedule.
All concur except Martoche, J., who dissents and votes to affirm in the following memorandum.