# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**361**
**CAF 14-02200**
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MICHELE A. SLOMA,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ERIC M. SLOMA, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

RICHARD L. WOLFE, UTICA, FOR RESPONDENT-APPELLANT.

JULIE GIRUZZI-MOSCA, ATTORNEY FOR THE CHILD, UTICA.

-----------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered February 6, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner primary physical custody of the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent father appeals from an order that, inter alia, modified a prior order by granting petitioner mother primary physical custody of the parties' child. In appeal No. 2, the father appeals from an order that dismissed his order to show cause pursuant to CPLR 4404 (b), thus in effect denying the father's motion to vacate the order that is the subject of appeal No. 1.

Contrary to the father's contention in appeal No. 1, Family Court properly determined that the mother established that there was a sufficient change in circumstances since the time of the prior order that warranted modification of that order (*see generally Matter of Guillermo v Agramonte*, 137 AD3d 1767, 1768; *Matter of McClinton v Kirkman*, 132 AD3d 1245, 1245-1246). Pursuant to their opting out agreement that was incorporated but not merged in the judgment of divorce, the parties agreed to joint custody with the mother having primary physical custody, and the parties would enroll the child "in the Whitesboro School District at Deerfield Elementary if possible." When the mother relocated and moved the child into a school in a different school district a year later, the father was granted primary physical custody after a trial based primarily on the change in the child's school. After obtaining custody, the father re-enrolled the child at Deerfield, but six months later he enrolled the child in a different school, albeit in the same school district. We conclude that the change in school, together with testimony from the mother

concerning the father's interference with her custodial rights, was sufficient to establish a change in circumstances (*see generally Matter of Mehta v Franklin*, 128 AD3d 1419, 1420).

Contrary to the father's further contention, the court's determination awarding the mother primary physical custody is in the child's best interests (*see id.*). "In making a determination regarding custody, 'numerous factors are to be considered, including the continuity and stability of the existing custodial arrangement, the quality of the child's home environment and that of the parent seeking custody, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the individual needs and expressed desires of the child' " (*Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1450; *see Fox v Fox*, 177 AD2d 209, 210). Here, most of the factors did not favor one party over the other. We agree with the court, however, that the evidence established that the father failed to nurture or facilitate a relationship between the mother and the child. In addition, the father made decisions regarding the child that were beneficial to his new family, such as changing her school, pediatrician, and dentist, but the decisions were not always beneficial to the child. We conclude that granting the mother primary physical custody was in the best interests of the child inasmuch as the mother was better able to provide for the child's emotional and intellectual development (*see generally Bryan K.B.*, 43 AD3d at 1450-1451).

Also contrary to the father's contention, the court properly exercised its discretion in declining to conduct a *Lincoln* hearing (*see Matter of Charles M.O. v Heather S.O.*, 52 AD3d 1279, 1280; *see generally Matter of Yeager v Yeager*, 110 AD3d 1207, 1209). The conduct of the father's wife prevented the scheduled *Lincoln* hearing from occurring, and the court declined to schedule another one. In any event, considering the child's young age as well as the testimony that she was being coached on what to say to the court, an in camera hearing with the child would not be helpful in determining the child's preferences (*see Matter of Thillman v Mayer*, 85 AD3d 1624, 1625; *see generally Matter of Walters v Francisco*, 63 AD3d 1610, 1611).

With respect to appeal No. 2, we conclude that the court did not abuse its discretion in denying the motion, and we therefore affirm the order (*see Matter of Walker v Carroll*, 140 AD3d 1669, 1669).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court