Matter of Jones v Jamieson (2018 NY Slip Op 04883)





Matter of Jones v Jamieson


2018 NY Slip Op 04883


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


716 CAF 17-01803

[*1]IN THE MATTER OF JOCELYN J. JONES, PETITIONER-APPELLANT,
v
JUSTIN S. JAMIESON, RESPONDENT-RESPONDENT. 






J. ADAMS & ASSOCIATES, PLLC, WILLIAMSVILLE (JOAN CASILIO ADAMS OF COUNSEL), FOR PETITIONER-APPELLANT.
KEITH I. KADISH, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret A. Logan, R.), entered December 19, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified the parties' visitation schedule with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, modified the visitation schedule for the mother and respondent father with respect to the subject child. We note at the outset that the mother contends that Family Court did not rule on the six violation petitions that she had filed. The record, however, establishes that the court issued five orders that dismissed five of the six violation petitions. Inasmuch as the mother did not appeal from those five orders, we conclude that the mother's contention with respect to those five violation petitions is not properly before us (see Matter of Kirkpatrick v Kirkpatrick, 117 AD3d 1575, 1576 [4th Dept 2014]; Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1143 [3d Dept 2011]). Furthermore, in the order from which the mother has appealed, the court ruled in the mother's favor with respect to the sixth violation petition and awarded her $750 in attorney's fees. To the extent that the mother did not obtain all of the relief that she sought in the sixth violation petition, by failing to raise any issues with respect to the court's ruling on that petition in her brief, the mother has abandoned any contentions with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We reject the mother's contention that the court erred in modifying the visitation schedule. It is well settled that a "court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1449 [4th Dept 2007] [internal quotation marks omitted]). We note that, as modified, the visitation schedule reduces the number of exchanges of the child between the parties, which was a constant source of discord (see generally Matter of Adams v Bracci, 91 AD3d 1046, 1049 [3d Dept 2012], lv denied 18 NY3d 809 [2012]; Matter of La Scola v Litz, 258 AD2d 792, 793 [3d Dept 1999], lv denied 93 NY2d 809 [1999]). Contrary to the mother's contention, she failed to establish that reducing the father's visitation time would be in the child's best interests. Thus, we discern no basis for disturbing the court's determination (see Matter of Rought v Palidar, 6 AD3d 1112, 1112 [4th Dept 2004]; see generally Bryan K.B., 43 AD3d at 1449). We have reviewed the mother's remaining contention and conclude that it is without merit.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court