Matter of Nordee v Nordee (2019 NY Slip Op 02218)





Matter of Nordee v Nordee


2019 NY Slip Op 02218


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department



257 CAF 18-00212

[*1]IN THE MATTER OF LUCKEE D. NORDEE, PETITIONER-RESPONDENT-APPELLANT,
v
KILSI C. NORDEE, RESPONDENT-PETITIONER-RESPONDENT. 






DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PETITIONER-RESPONDENT-APPELLANT.
CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-PETITIONER-RESPONDENT. 
JENNIFER PAULINO, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Brenda Freedman, J.), entered September 1, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, designated respondent-petitioner as the primary residential parent of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner-respondent father appeals from an order that, inter alia, denied his amended petition seeking modification of a prior joint custody order by awarding him primary residential custody of and increased visitation with the parties' child and granted the cross petition of respondent-petitioner mother insofar as she sought modification of the prior custody order by directing that her address be used as the child's residential address for school purposes. Initially, we note that, inasmuch as both parties sought modification of the prior custody order, neither party "dispute[s] that there was a sufficient change in circumstances demonstrating a real need for a change in order to insure' the child['s] best interests" (Matter of Schimmel v Schimmel, 262 AD2d 990, 991 [4th Dept 1999], lv denied 93 NY2d 817 [1999]).
It is well settled that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1449 [4th Dept 2007] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Contrary to the father's contentions, we conclude that Family Court properly considered and weighed the appropriate factors in denying the father's amended petition and in designating the mother as the primary residential parent for all purposes, including the use of her address for school purposes (see generally Eschbach, 56 NY2d at 172-173; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). We therefore "perceive no basis to disturb the court's determination where, as here, it is supported by a sound and substantial basis in the record" (Matter of Kakwaya v Twinamatsiko, 159 AD3d 1590, 1591 [4th Dept 2018], lv denied 31 NY3d 911 [2018]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court