■ In the Matter of ANNA M. MASSARO, Appellant, v MARK E. ENGLISH, SR., Respondent. [692 NYS2d 506] —Crew III, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered December 16, 1997, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody/visitation order.

By order entered February 24, 1997, custody of the parties'

four children was granted to petitioner and respondent was afforded overnight visitation with the children each Thursday, Friday and Saturday evening and two weeks during each summer. Specifically, insofar as is relevant to this appeal, respondent was to exercise visitation with the children from 5:00 P.M. each Saturday until 11:00 A.M. each Sunday.

In September 1997, respondent filed a violation petition contending that petitioner had forcibly removed two of the children from his residence without his permission at 8:30 A.M. on a particular Sunday. Respondent subsequently discovered that petitioner was contemplating relocating from her residence in Otsego County and, in October 1997, sought to modify the February 1997 order to prohibit petitioner from removing the children from the boundaries of the City of Oneonta school district. Finally, in November 1997, petitioner cross-petitioned for modification of the February 1997 order, asking that respondent's visitation with the children end at 9:00 A.M. on Sunday mornings so that she could transport the children to church services.

Following a combined hearing, Family Court issued a bench decision that substantially granted each party the requested relief. As to respondent's violation petition, Family Court found that petitioner had willfully violated the February 1997 order on the Sunday morning in question and admonished her to strictly adhere to its orders in the future. With respect to respondent's modification petition, Family Court directed that petitioner was not to relocate with the children outside of Otsego County without the court's prior permission. Finally, as to petitioner's cross petition, Family Court modified the February 1997 order by providing that, on alternate weekends, respondent's visitations with the children would begin at 3:00 P.M. on Saturday and end at 9:00 A.M. on Sunday, with the visitation schedule set forth in the February 1997 order otherwise remaining in effect. Petitioner now appeals from the resulting order.

The various arguments advanced by petitioner do not warrant extended discussion. Initially, we reject petitioner's assertion that Family Court abused its discretion by failing to appoint a Law Guardian to represent the children's interests at the combined hearing. The appointment of a Law Guardian under the circumstances present here is discretionary (see, Family Ct Act § 249 [a]) and, given the minor modifications made by Family Court to the February 1997 order, we perceive no abuse of that discretion.

Nor are we persuaded that Family Court erred in modifying

the February 1997 order to provide that petitioner could not relocate with the children outside Otsego County without the court's permission. Should petitioner desire to relocate, her burden of proof would be the same with or without the aforementioned provision—namely, to demonstrate by a preponderance of the evidence that such relocation is in the children's best interest (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 740-741). Hence, although the insertion of the "relocation prohibition" in Family Court's order may well have been superfluous, as it did no more than accurately reflect the law in this State governing relocation cases, we fail to see how petitioner has been prejudiced by this provision.

Finally, although petitioner asserts, in a conclusory fashion, that the record as a whole does not support Family Court's finding that she willfully violated the February 1997 order by removing two of the children from respondent's residence on the morning in question against his wishes, we cannot agree. Respondent's own testimony is sufficient to sustain Family Court's findings in this regard. Accordingly, Family Court's order is affirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.