■ In the Matter of CHRISTOPHER J. BROWN, Respondent, v CELESTE M. MARR, Appellant. [804 NYS2d 181]—

Appeal from an order of the Family Court, Seneca County (W. Patrick Falvey, J.), entered September 9, 2004 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, transferred sole custody of one of the parties' children to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, transferred sole custody of one of the parties' two children to petitioner father. A prior order had awarded respondent custody of the children, upon the stipulation of the parties. As respondent correctly contends, "[w]here an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the children" (Matter of Hight v Hight, 19 AD3d 1159, 1160

[2005] [internal quotation marks omitted]). Thus, we agree with respondent that Family Court erred in determining that the change in circumstances requirement is inapplicable herein because the existing custody and visitation arrangement was pursuant to the stipulation of the parties. We disagree with respondent, however, that remittal to Family Court is necessary. The court made extensive findings of fact that are supported by the record and demonstrate the requisite significant change in circumstances (*see Matter of Drew v Gillin*, 17 AD3d 719 [2005]; *see generally Matter of Adams v Franklin*, 9 AD3d 544, 546 [2004]; *Matter of Oddy v Oddy*, 296 AD2d 616, 617-618 [2002]).

Respondent further contends that, in any event, the court's award of custody of one of the parties' children to petitioner is not in the best interests of the children. We reject that contention. An existing custody and visitation arrangement that is based upon a stipulation between the parties "is entitled to less weight than a disposition after a plenary trial" (*Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 737 [1992]; *see Matter of Murray v McLean*, 304 AD2d 899, 899-900 [2003]), and is only one of many factors to be considered in determining whether modification is appropriate (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). Although the record establishes that neither parent is unfit, the record also establishes that respondent and petitioner are incapable of cooperating with each other in order to raise the children. Thus, an award of joint custody, as proposed in the alternative by petitioner, would be inappropriate (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]).

The child at issue expressed her desire to live with petitioner and her half-siblings (*see Fox v Fox*, 177 AD2d 209, 210 [1992]; *see generally Eschbach*, 56 NY2d at 172-173). Moreover, because both parties have other children, an award of custody to either party would necessarily separate the child at issue from some of her siblings (*see Matter of Stacey L.B. v Kimberly R.L.*, 12 AD3d 1124, 1125 [2004], *lv denied* 4 NY3d 704 [2005]). Ultimately, "[a] custody determination by the trial court must be accorded great deference . . . and should not be disturbed where, as here, it is supported by a sound and substantial basis in the record" (*Matter of Green v Mitchell*, 266 AD2d 884, 884 [1999]; *see Steele v Rose*, 309 AD2d 1242, 1243 [2003]). We note that respondent failed to preserve for our review her contention that the children had conflicting interests and should not have been jointly represented by the same law guardian (*see Matter of Carrieanne G.*, 15 AD3d 850 [2005], *lv denied* 4 NY3d 709 [2005]).

Finally, we reject the contention of respondent that the court erred in finding that she violated a prior order by willfully

interfering with petitioner's visitation. Indeed, according to her own testimony, she refused to allow petitioner to have visitation after she and petitioner had an altercation on a scheduled visitation day (*see Matter of Massaro v English*, 262 AD2d 879, 881 [1999]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.