In the Matter of STEPHEN R.H., Respondent, v LISA A.H., Appellant. HAROLD H. LITTEER, JR., ESQ., Law Guardian, Appellant. [839 NYS2d 363]—

Appeals from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered June 21, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner primary physical placement of two of the parties' children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother and the Law Guardian appeal from an order modifying the custody arrangement of the parties with respect to two of their three children by granting petitioner father primary physical placement of those children. The existing custody arrangement was pursuant to an order entered upon the consent of the parties approximately six months before the instant petition was filed. Pursuant to the prior order, the parties had joint custody of the children, with primary physical placement with the mother. We note that the children had resided with her for approximately six years before the entry of the order. Contrary to the contentions of the mother and the Law Guardian, however, the father established a change of circumstances sufficient to warrant a modification of the order (*see Matter of Brown v Marr*, 23 AD3d 1029, 1029-1030 [2005]). He established that, since the entry of the prior order, the mother's live-in boyfriend used violence against the mother that resulted in police involvement, and he used violence against the children, who are ages 9 and 10 (*see generally Assini v Assini*, 11 AD3d 417, 418-419 [2004]). Family Court found that the mother had asked the father to care for the children for several days because she feared for their safety as well as her own, and we note that the father filed the instant petition after the mother refused to return the children to him following an appointment, and instead returned with the children to her boyfriend's home.

Contrary to the further contentions of the mother and the Law Guardian, the court's determination with respect to the best interests of the children is based upon the totality of the circumstances (*see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Although the mother is correct that the court did not specifically address the fact that the children

would be separated from their older sister, we nevertheless conclude that modification is warranted despite that separation (*see generally Perez v Perez*, 239 AD2d 868, 869 [1997]). The court's determination that it is in the best interests of the children to award primary physical placement to the father is supported by a sound and substantial basis in the record and therefore will not be disturbed (*see Brown*, 23 AD3d at 1030). Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.