# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1157**
**CAF 10-00086**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF JOHN YORK,
PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

ADRIANNA ZULLICH, RESPONDENT-RESPONDENT.
------------------------------------------
IN THE MATTER OF ADRIANNA ZULLICH,
PETITIONER-RESPONDENT,

V

JOHN YORK, RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR PETITIONER-APPELLANT AND
RESPONDENT-APPELLANT.

SUSAN P. REINECKE, CLARENCE, FOR RESPONDENT-RESPONDENT AND PETITIONER-
RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO, FOR EMMA Z.

---

Appeal from an amended order of the Family Court, Erie County (Sharon M. LoVallo, A.J.), entered February 17, 2010 in a proceeding pursuant to Family Court Act article 6. The amended order, inter alia, granted sole custody of the parties' child to Adrianna Zullich.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent father appeals from an amended order that, inter alia, granted the petition of respondent-petitioner mother seeking to modify a prior custody order entered upon the consent of the parties by awarding her sole custody of the parties' child, with visitation to the father and supervised contact with the stepfather. We affirm. Contrary to the father's contention, we conclude that the mother met her burden of establishing a change in circumstances sufficient to warrant an inquiry into whether the best interests of the child warranted a change in custody (*see Matter of Maher v Maher*, 1 AD3d 987, 988). Under the prior consent order, the parties shared residential custody of the child, with the days that the child spent with each parent changing on a weekly basis. That schedule created confusion on the part of the child and school officials and was no longer practical upon the child's attainment of

school age (*see Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1179-1180; *see also Matter of Claflin v Giamporcaro*, 75 AD3d 778, 779-780, *lv denied* 15 NY3d 710).  In addition, the deterioration of the parties' relationship and their inability to co-parent renders the existing joint custody arrangement unworkable (*see Matter of Ingersoll v Platt*, 72 AD3d 1560, 1561; *Matter of Francisco v Francisco*, 298 AD2d 925, *lv denied* 99 NY2d 504; *Matter of Thayer v Ennis*, 292 AD2d 824).  The father does not challenge the merits of Family Court's determination that the child's best interests are served by an award of sole custody to the mother.

The father contends for the first time on appeal that the court should have dismissed both his own petition and that of the mother based on their failure to mediate and thus that contention is not preserved for our review (*see generally Matter of Moore v Shapiro*, 30 AD3d 1054).  In any event, that contention is without merit.  The father likewise failed to preserve for our review his contention that the court erred in precluding testimony concerning the "Abel test" administered to the stepfather or in failing to hold a *Frye* hearing with respect to the admissibility of testimony concerning that test.  When the father's attorney informed the court on the date scheduled for the *Frye* hearing that he was not prepared to proceed and requested an adjournment, the court ruled that it would entertain a motion to reschedule the *Frye* hearing in the event that motion papers seeking that relief were submitted by a specified date.  The record contains no such motion papers and thus the father failed to preserve for our review his contention that the court should have conducted a *Frye* hearing to determine the admissibility of evidence concerning the "Abel test" before precluding such evidence (*see generally Matter of Thillman v Mayer*, 85 AD3d 1624, 1625).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court