# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**314**
**CAF 11-00445**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF CINDY C. STILSON,
PETITIONER-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

DAVID R. STILSON, SR.,
RESPONDENT-PETITIONER-RESPONDENT.

---

DAVID J. PAJAK, ALDEN, FOR PETITIONER-RESPONDENT-APPELLANT.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (MAURA C. SEIBOLD OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT.

DAVID C. BRAUTIGAM, ATTORNEY FOR THE CHILD, HOUGHTON, FOR DAVID R.S., II.

---

Appeal from an order of the Family Court, Allegany County (Lynn L. Hartley, J.H.O.), entered January 3, 2011 in a proceeding pursuant to Family Court Act article 6. The order granted respondent-petitioner primary physical custody of the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother commenced this proceeding seeking to modify a prior order of custody and visitation. She appeals from an order that, following a hearing, granted respondent-petitioner father's cross petition by awarding him primary physical custody of the parties' child, with visitation to the mother. Contrary to the mother's contention, Family Court properly granted the cross petition.

"The mother . . . failed to preserve for our review her contention that the father failed to establish a change of circumstances warranting review of the prior order" (*Matter of Canfield v McCree*, 90 AD3d 1653, 1654; *see Matter of Deegan v Deegan*, 35 AD3d 736). Indeed, in her petition, the mother alleged that there had been such a change of circumstances. In any event, the mother is correct that, " '[w]here an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]' " (*Matter of Donnelly v Donnelly*, 55 AD3d 1373). Here, we conclude that there was a sufficient showing of

changed circumstances based, inter alia, upon the parties' inability to reach an agreement regarding certain aspects of the child's visitation schedule, and upon the changes in the child's school schedule since the entry of the prior order (*see generally Matter of Claflin v Giamporcaro*, 75 AD3d 778, 779-780, *lv denied* 15 NY3d 710; *Matter of Schimmel v Schimmel*, 262 AD2d 990, *lv denied* 93 NY2d 817).

Moreover, contrary to the mother's further contention, the court properly determined that it was in the child's best interests to award the father primary physical custody of the child. " 'Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744). Here, the court's determination is supported by the requisite "sound and substantial basis in the record" and thus will not be disturbed (*id.*). We agree with the court's conclusion that, although both parties appear to be fit and loving parents, the evidence presented at the hearing establishes that the father is better able to provide for the child's educational and medical needs.

Entered:  March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court