# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**302**
**CAF 12-00796**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

IN THE MATTER OF HEATHER A. COLE,
PETITIONER-APPELLANT,

V                                                   MEMORANDUM AND ORDER

MICHAEL JAMES NOFRI, RESPONDENT-RESPONDENT.
-------------------------------------------------
KELLY M. CORBETT, ESQ., ATTORNEY FOR THE CHILD,
APPELLANT.

---

KELLY M. CORBETT, ATTORNEY FOR THE CHILD, FAYETTEVILLE, APPELLANT PRO SE.

WILLIAM M. BORRILL, NEW HARTFORD, FOR PETITIONER-APPELLANT.

GETNICK, LIVINGSTON, ATKINSON & PRIORE, LLP, UTICA (THOMAS L. ATKINSON OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered April 6, 2012 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed that part of the petition seeking a modification of custody.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the petition is granted in part by awarding primary physical custody of the child to petitioner and visitation to respondent, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following Memorandum: Petitioner mother commenced this proceeding seeking, inter alia, to modify a prior order of joint custody granting respondent father physical custody of the parties' child (child) by awarding physical custody of the child to her. As limited by their briefs, the mother and the Attorney for the Child (AFC) appeal from the order insofar as it dismissed that part of the petition seeking a modification of the parties' custody arrangement on the ground that the mother failed to establish a change in circumstances.

A party seeking a change in an established custody arrangement has the "burden of establishing a change in circumstances sufficient to warrant an inquiry into whether the best interests of the child warranted a change in custody" (*Matter of York v Zullich*, 89 AD3d 1447, 1448). Although, as a general rule, the custody determination of the trial court is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174), "[s]uch deference is not warranted .

. . where the custody determination lacks a sound and substantial basis in the record" (*Fox v Fox,* 177 AD2d 209, 211-212). Moreover, "[o]ur authority in determinations of custody is as broad as that of Family Court" (*Matter of Bryan K.B. v Destiny S.B.,* 43 AD3d 1448, 1450; *see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947).

We agree with the mother and the AFC that the mother met her burden of establishing a change of circumstances. Since the original custody trial, each party has remarried and has had two additional children who are younger than the subject child, and the father has two step-children who are older than the subject child. The evidence established that the child felt isolated in the father's home and indicated a strong desire to live with the mother. While a 10-year-old child's preference regarding the parent with which he or she would like to reside is not dispositive, it is a factor to consider in determining whether there has been a change in circumstances (*see Matter of Taylor v Rivera,* 261 AD2d 947, 948; *see generally Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1047). The evidence further established that the child's anxiety with respect to living with the father has progressed to the point where he has expressed to others his thoughts of harming the father and the father's family, which led the parties to agree that the child needs counseling.

The father contends that, inasmuch as there was no showing that he was unfit or less fit than the mother, the current custodial arrangement should not be altered simply to accommodate the desires of the child (*see Fox*, 177 AD2d at 211). We reject the father's contention that the current custodial arrangement should not be changed. The Court of Appeals has cautioned that "[t]he only absolute in the law governing custody of children is that there are no absolutes" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 93), and that "no one factor, including the existence of the earlier decree or agreement, is determinative of whether there should, in the exercise of sound judicial discretion, be a change in custody" (*id.* at 93-94). We conclude that this case is unique because the record establishes that the child suffers from extreme anxiety as a result of the current custodial arrangement. Although the reason for his anxiety is not clear, it is clear that the child is not doing well under the current arrangement. Thus, on this record, we conclude that there has been a sufficient change in circumstances warranting an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement.

Inasmuch as the record is sufficient for this Court to make a best interests determination, we will do so "in the interests of judicial economy and the well-being of the child" (*Bryan K.B.,* 43 AD3d at 1450). After reviewing the relevant factors (*see Fox,* 177 AD2d at 210), we conclude that it is in the child's best interests to award the mother primary physical custody of the child. While the father has been the primary residential parent for the past five years, the mother is better able to provide for the child's emotional needs. The evidence established that the child confided in the mother and felt secure addressing his emotional issues with her, whereas he was afraid to discuss any issues or problems with the father. Given the child's

anxiety, the mother's ability to provide for the child's emotional needs is a factor that should be accorded greater weight.  We therefore reverse the order insofar as appealed from and grant the petition in part by awarding the mother primary physical custody of the child and visitation to the father, and we remit the matter to Family Court to fashion an appropriate visitation schedule.

All concur except MARTOCHE, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent and would affirm the order that, inter alia, dismissed the petition.  Preliminarily, I note that the parties were divorced in December 2005, and the child who is the subject of this proceeding (child) had just turned four years old at that time.  Following a trial, the parties were granted joint custody of the child, and respondent father was granted primary physical custody.  Although the transcript of that trial is not included in the record on appeal, I can only conclude that a determination was made that it was in the best interests of the child for the father to have primary physical custody.  In November 2006, petitioner mother filed a petition seeking a modification of the parties' custody arrangement by awarding her sole legal and physical custody of the child (2006 modification petition).  The mother alleged two changes in circumstances, namely that the child was "forced to endure excessive 'shuffling' between the parties, created by [the father's] change of hours at his job" and that the child was suffering from emotional difficulties, including separation anxiety stemming from his separation from the mother.  The 2006 modification petition, according to the accompanying decision of Supreme Court, also alleged that the child displayed aggression toward his teacher and "created a huge disruption [in] his class."  The child apparently underwent a psychological evaluation in January 2005 because of his temper tantrums and separation anxiety, and was diagnosed in March 2005 with an "Adjustment Disorder Unspecific."  With respect to the 2006 modification petition, Supreme Court concluded that the mother failed to show the requisite change in circumstances.  The court expressed its concern regarding the child's emotional problems, but the court noted that the mother was aware of the child's alleged difficulties with temper tantrums and separation anxiety as early as January 2005, i.e., well before the judgment of divorce and initial custody determination.

In January 2011, the mother commenced this proceeding and again sought a modification of the parties' custody arrangement.  Family Court interviewed the child in camera in September 2011, and in November 2011 a lengthy trial was held on the petition.  The court heard testimony from the parties, relatives of the parties, the new spouses of each party, parents of children who played with the subject child, and the child's teachers and coaches.  The court also heard testimony from a clinical social worker, who had several counseling sessions with the child.  The social worker testified that the child told her that he felt "left out" when he was at the father's house and that he wanted to "pound [the father] with [a] mallet."  On another occasion, the child told her that he wanted to slit the father's throat.  The social worker admitted that she was unaware that the father was the primary custodial parent, and further admitted that she

did not contact the father for several months after seeing the child.

Following the trial, the court concluded that the mother had failed to meet her burden of establishing a change in circumstances. Specifically, the court found that the explanations given by or on behalf of the child concerning why he did not want to live with the father were not supported by the credible evidence. The court further concluded that the child's hostility was "exacerbated by the parents' juvenile inability to agree on appropriate counseling" for the child. The court determined that, although the child would be "somewhat more comfortable" in the mother's house, both households were suitable and neither the mother nor the attorney for the child demonstrated a real need for a change in custody. The court stated its concern that applying the "simple standard" of what is "currently" best for the child would create the "risk [that the child would need to] change residences [from] year to year, season to season, or even month to month." The court, citing *Fox v Fox* (177 AD2d 209), further recognized that a child of 10 or 11 years of age generally is not of sufficient maturity to weigh intelligently the factors necessary to make a wise choice as to custody. Finally, the court noted that the child expressed a strong desire not to reside with the father despite the child's inability to "identify serious specific problems" at the father's house, and stated its belief that "incessant pressure" by the mother to transfer custody of the child to her had affected the child's emotional well-being.

It is well settled that this Court will not disturb a custody determination of Family Court where there is a sound and substantial basis in the record for that determination (*see Matter of Matthews v Matthews*, 72 AD3d 1631, 1632, *lv denied* 15 NY3d 704), particularly if that determination is based upon the court's "first-hand assessment of the credibility of the witnesses" (*Matter of Howden v Keeler*, 85 AD3d 1561, 1562 [internal quotation marks omitted]). Moreover, a party seeking modification of an established custody arrangement must show a change in circumstances reflecting "a real need for change to ensure the best interest[s] of the child" (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417 [internal quotation marks omitted]). The majority concludes that the child's desire to reside with the mother should be considered when determining whether there has been a change in circumstances. As the majority recognizes, a 10-year-old child's preference is not dispositive of the issue whether there has been a change in circumstances, but the express wishes of an older and more mature child may support a finding of a change in circumstances (*see Matter of Burch v Willard*, 57 AD3d 1272, 1273). Here, the court expressly concluded that the child was not of sufficient maturity to make a "wise choice as to custody" (*Fox*, 177 AD2d at 211), and I see no reason to disturb that determination.

The majority also concludes that the child's "anxiety with respect to living with the father" constitutes a sufficient change in circumstances to warrant a best interests analysis. I disagree. As noted, the father was given primary physical custody of the child when the child was four years old, and the mother shortly thereafter sought a modification of that custody arrangement on the ground that the

child was suffering emotional trauma and separation anxiety.  At that time, Supreme Court dismissed the 2006 modification petition without a hearing.  Clearly, the mother has a pattern of alleging that the child is suffering from emotional disturbances as a result of living with the father.  I can only conclude, however, that, at the time of the original custody determination, Supreme Court concluded based on its assessment of the hearing testimony that it was in the best interests of the child to reside with the father.

Even assuming, arguendo, that the mother established a sufficient change in circumstances in the instant matter to warrant a best interests analysis (*see generally Matter of Burrell v Burrell*, 100 AD3d 1545, 1545), I nevertheless disagree with the majority's decision to modify the parties' custody arrangement.  Although the majority concludes that the record is sufficient for this Court to make its own best interests determination, I note that there was no expert testimony on that issue, and the only "expert" who testified was a social worker who saw the child at the mother's request and without notification thereof to the father.  On this record, I would be reluctant to make a best interests determination without any expert testimony regarding the underlying basis for the child's thoughts of harming the father and the child's anxiety with respect to living with the father.  If I were to make a best interests determination, as the majority does, I would conclude that the existing custody arrangement should remain in place.  First, the factor regarding the continuity and stability of the existing custody arrangement weighs in favor of the father (*see Fox*, 177 AD2d at 210).  Additionally, the record establishes that both parties are relatively fit and loving parents and are equally able to provide for the financial needs of the child. The primary facts favoring the mother as custodial parent are that the child gets along better with his stepfather than with his stepmother, the child is unhappy in the father's house because he feels ignored there, and he feels more nurtured and comfortable with the mother.  In my view, the fact that the child gets along better with the members of one of the households should not necessitate a transfer in custody. As the court noted, relying on what is currently "best" for the child would create the risk that the child would need to change residences frequently.  Additionally, I hesitate to transfer custody without some expert testimony regarding the child's interactions with the parties. Unlike the majority, I do not believe that this case is "unique," but rather I believe that it involves facts that are common in divorce, i.e., a child suffering from the effects of living in two households, particularly where each parent has remarried and there are step-siblings residing in each household.  Thus, I would defer to the judgment of Family Court, which heard voluminous testimony over several days, conducted an in camera interview with the child, and made specific findings of fact and conclusions of law based upon the testimony.  I would, therefore, affirm the order.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court