# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1120

CAF 12-01514

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

IN THE MATTER OF WILLIAM C. KELSEY,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHANNON L. KELSEY, RESPONDENT-APPELLANT.

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
RESPONDENT-APPELLANT.

KIMBERLY WHITE WEISBECK, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Allegany County
(Terrence M. Parker, J.), entered April 19, 2012 in a proceeding
pursuant to Family Court Act article 6. The order, among other
things, granted primary physical placement of the subject children to
petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Contrary to respondent mother's contention, Family
Court properly modified the parties' existing custody arrangement by
transferring primary physical placement of the children from the
mother to petitioner father. It is well settled that a party seeking
a change in an existing custody arrangement has the burden of
establishing a change in circumstances sufficient to warrant an
inquiry into whether the best interests of the children call for a
change in custody (*see Matter of Cole v Nofri*, 107 AD3d 1510, 1511;
*Matter of York v Zullich*, 89 AD3d 1447, 1448). We conclude that the
father met that burden here by submitting, inter alia, evidence that
the mother's former live-in boyfriend abused one of the children (*see
Matter of Stephen R.H. v Lisa A.H*, 41 AD3d 1310, 1311). Contrary to
the mother's contention, the court's determination with respect to the
best interests of the children is based upon the totality of the
circumstances (*see id*. at 1311; *see generally Friederwitzer v
Friederwitzer*, 55 NY2d 89, 95). The record establishes that the court
carefully weighed the appropriate factors, and we conclude that its
determination has a sound and substantial basis in the record (*see
Matter of Tarant v Ostrowski*, 96 AD3d 1580, 1582, *lv denied* 20 NY3d
855).

Entered: November 8, 2013                          Frances E. Cafarell
                                                   Clerk of the Court