Appeal from an order of the Family Court, Allegany County (Terrence M. Parker, J.), entered April 19, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted primary physical placement of the subject children to petitioner.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Contrary to respondent mother’s contention, Family Court properly modified the parties’ existing custody arrangement by transferring primary physical placement of the children from the mother to petitioner father. It is well settled that a party seeking a change in an existing custody arrangement has the burden of establishing a change in circumstances sufficient to warrant an inquiry into whether the best interests of the children call for a change in custody (see Matter of Cole v Nofri, 107 AD3d 1510, 1511 [2013]; Matter of York v Zullich, 89 AD3d 1447, 1448 [2011]). We conclude that the father met that burden here by submitting, inter alia, evidence that the mother’s former live-in boyfriend abused one of the children (see Matter of Stephen R.H. v Lisa A.H., 41 AD3d 1310, 1311 [2007]). Contrary to the mother’s contention, the court’s determination with respect to the best interests of the children is based upon the totality of the circumstances (see id. at 1311; see generally Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982]). *1339 The record establishes that the court carefully weighed the appropriate factors, and we conclude that its determination has a sound and substantial basis in the record (see Matter of Tarrant v Ostrowski, 96 AD3d 1580, 1582 [2012], lv denied 20 NY3d 855 [2013]). Present — Scudder, PJ., Peradotto, Garni, Sconiers and Whalen, JJ.