# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1162**

**CAF 12-01705**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF MELISA PECORE,
PETITIONER-RESPONDENT-RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRODY BLODGETT, RESPONDENT-PETITIONER-APPELLANT.

---

DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.

LESLEY C. GERMANOW, FULTON, FOR PETITIONER-RESPONDENT-RESPONDENT.

TIMOTHY J. KIRWAN, ATTORNEY FOR THE CHILD, OSWEGO.

---

Appeal from an order of the Family Court, Oswego County (Donald E. Todd, A.J.), entered August 17, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner-respondent sole legal and physical custody of the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously vacated on the law without costs, the cross petition of respondent-petitioner is granted in part by awarding him primary physical custody of the child, and the matter is remitted to Family Court, Oswego County, to fashion a visitation schedule for petitioner.

Memorandum: Petitioner-respondent mother commenced this proceeding seeking to modify a prior order entered upon stipulation of the parties, pursuant to which the parties had joint legal custody of their child, with primary physical custody with the mother. The mother sought an award of sole legal custody and respondent-petitioner father cross-petitioned for sole legal and primary physical custody of the child. The father appeals from an order that, inter alia, granted the mother's petition.

Although an "existing [custody] arrangement that is based upon a stipulation between the parties is entitled to less weight than a disposition after a plenary trial" (*Matter of Alexandra H. v Raymond B.H.*, 37 AD3d 1125, 1126 [internal quotation marks omitted]), "[Family Court] cannot modify [such an] order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[]" (*Matter of Hight v Hight*, 19 AD3d 1159, 1160; *see Matter of York v Zullich*, 89 AD3d 1447, 1448). As a general rule, the

custody determination of the trial court is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174), but "[s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record" (*Fox v Fox*, 177 AD2d 209, 211-212). Moreover, "[o]ur authority in determinations of custody is as broad as that of Family Court" (*Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1450; *see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947).

We agree with the father that the incidents of domestic violence in the mother's household constitute a sufficient change in circumstances warranting modification of the prior custody order (*see Matter of Jeremy J.A. v Carley A.*, 48 AD3d 1035, 1036). Furthermore, we conclude that modification is warranted because the parties' prior "parenting time" arrangement, pursuant to which the father had scheduled visitation, will "no longer [be] practical upon the child's attainment of school age" (*York*, 89 AD3d at 1448; *see Matter of Claflin v Giamporcaro*, 75 AD3d 778, 779-780, *lv denied* 15 NY3d 710).

We also agree with the father, upon our review of the relevant factors (*see Fox*, 177 AD2d at 210), that it is in the child's best interests to award him primary physical custody of the child. Although the mother has been the primary residential parent since the child's birth, we conclude that the violent and abusive behavior of the child's uncle in the mother's home has created a dangerous environment for the child (*see Matter of Brothers v Chapman*, 83 AD3d 1598, 1599, *lv denied* 17 NY3d 707). We therefore vacate the order, grant that part of the father's cross petition seeking primary physical custody of the child, and we remit the matter to Family Court to fashion an appropriate visitation schedule for the mother.

The mother failed to take an appeal from the order settling the record, and her contentions with respect to that order therefore are not properly before us (*see Matter of Haley M.T.*, 96 AD3d 1549, 1550; *see generally Hecht v City of New York*, 60 NY2d 57, 60-61).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court