# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**770**
**CAF 12-01974**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ROBERT JONES,
PETITIONER-RESPONDENT-APPELLANT,

V                                        MEMORANDUM AND ORDER

THERESA LAIRD, RESPONDENT-PETITIONER-RESPONDENT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR PETITIONER-RESPONDENT-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT.

ROBERT L. GOSPER, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

---

Appeal from an order of the Family Court, Ontario County (William F. Kocher, J.), entered October 9, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that respondent-petitioner shall have sole legal and physical custody of the parties' minor children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent father contends in this proceeding pursuant to Family Court Act article 6 that Family Court erred in refusing to modify the existing custody arrangement by awarding him sole legal and physical custody of the parties' minor children in place of respondent-petitioner mother and in reducing his weekend access to the children. We reject the father's contention that the court erred in determining that he failed to demonstrate a change in circumstances sufficient to modify the existing custody order by awarding him custody. "It is well settled that, in seeking to modify an existing order of custody, '[t]he petitioner must make a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody order should be modified' " (*Matter of Hughes v Davis*, 68 AD3d 1674, 1675). Although the parties' existing custody arrangement is based on a stipulation that was reduced to an order and thus "is entitled to less weight than a disposition after a plenary trial" (*Matter of Alexandra H. v Raymond B.H.*, 37 AD3d 1125, 1126 [internal quotation marks omitted]; *see Matter of Brown v Marr*, 23 AD3d 1029, 1030), "a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the children" (*Matter*

*of Hight v Hight*, 19 AD3d 1159, 1160 [internal quotation marks omitted]).  Here, the father failed to demonstrate a sufficient change in circumstances.

We reject the father's further contention that the court erred in granting the mother's petition seeking to modify the pickup and drop-off times of his weekend visitation schedule with the children.  The mother made a sufficient showing of changed circumstances for purposes of adjusting the visitation schedule based on, inter alia, the parties' inability to reach an agreement regarding certain aspects of the children's visitation schedule, the mother's work schedule, the fact that the mother's former boyfriend was no longer providing childcare for the children in her home where the Friday afternoon exchanges occurred, and the extra time required to get the children prepared for an upcoming week of school on Sunday evening (*see Matter of Stilson v Stilson*, 93 AD3d 1222, 1223).  Finally, we conclude that the adjusted visitation schedule is in the best interests of the children (*see generally Matter of Vasquez v Barfield*, 81 AD3d 1398, 1399).

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court