# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**752**
**CA 14-01627**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

TAMMY GARDNER, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

NATHAN KORTHALS, DEFENDANT-RESPONDENT.

---

BENNETT SCHECHTER ARCURI & WILL LLP, BUFFALO (ANDREW F. EMBORSKY OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MINDY L. MARRANCA, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 3, 2014. The order, among other things, allowed the subject child to register for and attend Tonawanda High School.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant father moved, inter alia, to change the school in which the subject child is enrolled because the father's home is now the child's primary residence pursuant to a stipulated order, and the father also sought to modify the access schedule contained in the stipulated order. We reject the contention of the Attorney for the Child that the mother's appeal from the order granting the father's motion is moot because the child no longer wishes to change schools, and his parents support his decision. The order is adverse to the interests of the mother such that her "rights . . . will be directly affected by the determination of the appeal" in the absence of an agreement by the father withdrawing his request for that relief (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).

We agree with the mother that Supreme Court erred in granting that part of the father's motion seeking to change the school in which the child is enrolled without first conducting a hearing and considering any additional extrinsic evidence on the issue whether the parties intended a change to the child's school enrollment to be contemporaneous with his change in primary residence (*see Fecteau v Fecteau*, 97 AD3d 999, 1000; *Matter of Perry v Knab*, 231 AD2d 854, 854-855; *see generally Walker v Walker*, 42 AD3d 928, 928-929, *lv dismissed* 9 NY3d 947). We therefore modify the order by vacating the ordering paragraph authorizing the change in the child's high school

enrollment, and we remit the matter to Supreme Court for such a hearing unless the court determines upon remittal that the issue is moot.

We reject the mother's contention, however, that the court erred in granting that part of the father's motion seeking to modify the access schedule.  Under the totality of the circumstances, giving particular weight to the then-16-year-old child's wishes and the adverse effect that the current access schedule would have on his time with his brother, we conclude that the court properly determined that there had been a change in circumstances to warrant an inquiry into the best interests of the child in this respect (*see Matter of McVey v Barnett*, 107 AD3d 808, 809; *Matter of Rulinsky v West*, 107 AD3d 1507, 1508; *cf. Matter of Boedecker-Frey v Boedecker-Frey*, 176 AD2d 392, 393).  We further conclude that the court did not err in modifying the access schedule inasmuch as the record establishes that "the adjusted [access] schedule is in the best interests of the child[ ]" (*Matter of Jones v Laird*, 119 AD3d 1434, 1435, *lv denied* 24 NY3d 908), and we note in any event that the modified schedule has no meaningful adverse impact on the mother's interests.

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court