# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**447**
**CAF 15-01246**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF SOUAD AMRANE,
PETITIONER-RESPONDENT,

V                                            MEMORANDUM AND ORDER

LOTFI BELKHIR, RESPONDENT-APPELLANT.

---

LOTFI BELKHIR, RESPONDENT-APPELLANT PRO SE.

SUSAN GRAY JONES, CANANDAIGUA, FOR PETITIONER-RESPONDENT.

ROBERT L. GOSPER, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

VICTORIA KING, ATTORNEY FOR THE CHILD, CANANDAIGUA.

---

Appeal from an order of the Family Court, Ontario County (Maurice Strobridge, J.H.O.), entered November 24, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued sole custody of the minor children of the parties with petitioner.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by awarding primary physical custody of the two youngest children to respondent with visitation to petitioner and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Ontario County, to fashion an appropriate visitation schedule for those children and to determine the best interests of the second and third eldest of the minor children, in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, denied his cross petition for modification of a prior consent order and ordered that the parties' five minor children remain in the sole custody of petitioner mother, with visitation to the father.

We agree with the father that Family Court erred in determining that, in seeking a change in custody, he did not meet his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the children (*see Matter of Pecore v Blodgett*, 111 AD3d 1405, 1405, *lv denied* 22 NY3d 864; *Matter of Cole v Nofri*, 107 AD3d 1510, 1511, *appeal dismissed and lv denied* 22 NY3d 1083). Here, the evidence that the mother was interfering with the father's visitation with the children was sufficient to establish the requisite change in

circumstances (*see Matter of Murphy v Wells*, 103 AD3d 1092, 1093, *lv denied* 21 NY3d 854; *Matter of Tyrone W. v Dawn M.P.*, 27 AD3d 1147, 1148, *lv denied* 7 NY3d 705).  We further conclude that it is in the best interests of the two youngest children to be placed in the primary physical custody of the father.  We therefore modify the order accordingly, and we remit the matter to Family Court to fashion an appropriate visitation schedule for those children with the mother.

The custody determination of the trial court generally is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174), but " '[s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record' " (*Cole*, 107 AD3d at 1511).  "[A] long-term custodial arrangement established by agreement should [continue] 'unless it is demonstrated that the custodial parent is unfit or perhaps less fit' " (*Fox v Fox*, 177 AD2d 209, 211), and it is well settled that " '[a] concerted effort by one parent to interfere with the other parent's contact with the child[ren] is so inimical to the best interests of the child[ren] . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127).  We conclude under the circumstances of this case that leaving the two youngest children in the mother's custody " 'would be tantamount to severing [their] relationship with [their] father, and [that] result would not be in [their] best interest[s]' " (*Matter of Marino v Marino*, 90 AD3d 1694, 1696; *see generally Matter of Howden v Keeler*, 85 AD3d 1561, 1562).

Here, the mother's acts of hostility toward the father include instructing the children to be uncooperative and disrespectful when in his care, and to refuse to recognize him as their father.  Additionally, the record establishes that, on multiple occasions, the mother refused to allow the children to leave for the father's visitation until the father called the police; made derogatory comments about the father and his wife in front of the children; and refused to communicate with the father about the children, even failing to inform the father that one of the children underwent surgery for appendicitis.  Indeed, although the court determined that the father failed to establish a change in circumstances and thus did not reach the issue whether a change in custody was in the best interests of the children, the court noted that the mother was interfering with the father's relationship with the children and concluded that it "tend[ed] to agree" with the attorney for the two youngest children that the mother's conduct was inimical to their best interests and that the mother was unfit to act as their custodian.

The attorney for the three older children informed this Court at oral argument that, in a subsequent proceeding commenced after this appeal was perfected, Family Court awarded the father temporary custody of the second and third eldest of the minor children; the eldest of the minor children remains with the mother and will be 18 years old in July.  "It is well settled that we may take notice of . . . new facts . . . to the extent they indicate that the record before us is no longer sufficient for determining" the best interests of the

second and third eldest of the minor children (*Matter of Gunn v Gunn*, 129 AD3d 1531, 1532 [internal quotation marks omitted]; *see Matter of Michael B.*, 80 NY2d 299, 318), and that is the case here.  We therefore further direct Family Court on remittal to determine the best interests of those children.

Finally, we conclude that the court did not abuse its discretion in refusing to find the mother in contempt of court for violating the terms of the prior custody order (*see generally Matter of Kirkpatrick v Kirkpatrick*, 137 AD3d 1695, 1696).

Entered:  July 1, 2016                        Frances E. Cafarell
                                              Clerk of the Court