# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**366**

**CAF 16-00454**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JASON L. ROHR,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

BARBARA L. YOUNG, RESPONDENT-APPELLANT,
AND AIMEE ROHR, RESPONDENT-RESPONDENT.

---

PALOMA A. CAPANNA, WEBSTER, FOR RESPONDENT-APPELLANT.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (MATTHEW J. PORTER OF COUNSEL), FOR PETITIONER-RESPONDENT.

LISA WELDON, ATTORNEY FOR THE CHILDREN, WATERTOWN.

-------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered March 18, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, directed that respondent Barbara L. Young shall have supervised visitation with the subject children one Saturday per month for two hours.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-appellant grandmother appeals from an order that, inter alia, modified a prior order entered on consent by changing the grandmother's one-hour biweekly supervised therapeutic visitation with the two teenaged children to one supervised two-hour visit per month in a public place. Family Court denied petitioner father's petition insofar as it requested that the visitation be terminated. We reject the grandmother's contention that the father failed to establish that there was a sufficient change in circumstances to warrant consideration of the best interests of the children. The 15-year-old child testified that she did not wish to visit with her grandmother and, although " 'not dispositive, the express wishes of older and more mature children can support the finding of a change in circumstances' " (*Matter of Rulinsky v West*, 107 AD3d 1507, 1508). Furthermore, the Court Attorney Referee was entitled to credit the testimony of the father and the child that the children had difficulty completing homework on the days that both extracurricular activities and the therapeutic visits were scheduled (*see generally Matter of Jones v Laird*, 119 AD3d 1434, 1434-1435, *lv denied* 24 NY3d 908). Contrary to the grandmother's contention, the

determination of the court that it was in the best interests of the children to modify the visitation schedule has a sound and substantial basis in the record (*see Matter of Stilson v Stilson*, 93 AD3d 1222, 1223), and we note in any event that the "modified schedule has no meaningful adverse impact on the [grandmother's] interests" (*Gardner v Korthals*, 130 AD3d 1468, 1469).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court