Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered October 12, 2016 in a proceeding pursuant to Family Court Act article 6. The order modified a prior order of custody and visitation by, inter alia, reducing respondent’s visitation time with the parties’ son.
 

 It is hereby ordered that the order so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the fourth ordering paragraph and as modified the order is affirmed without costs in accordance with the following memorandum: Petitioner mother commenced this proceeding seeking to modify a prior order of custody and visitation pursuant to which respondent father was entitled to visitation with the parties’ son for five hours every Sunday. After a hearing, Family Court modified the order by, inter alia, reducing the father’s visitation time to five hours every other Saturday.
 

 The father’s contention that the court erred in considering an incident that occurred after the petition was filed is not preserved for our review because he did not object on that ground to the admission of testimony concerning the incident (see generally Matter of Angel L.H. [Melissa H.], 85 AD3d 1637, 1637 [4th Dept 2011], lv denied 17 NY3d 711 [2011]; Matter of Dustin B. [Donald M.], 71 AD3d 1426, 1426 [4th Dept 2010]), and we conclude that the reduction of the father’s visitation time is supported by a sound and substantial basis in the record (see Matter of Ordona v Cothern, 126 AD3d 1544, 1545 [4th Dept 2015]). The court was entitled to credit the mother’s testimony that the father was visibly intoxicated on an occasion when she came to drop the child off for visitation (see generally Matter of Rohr v Young, 148 AD3d 1681, 1681 [4th Dept 2017]). In view of the father’s history of alcohol abuse, that testimony established both a change of circumstances warranting review of the prior order and that modification of the father’s visitation was in the best interests of the child (see Matter of Susan B. v Charles M., 67 AD3d 488, 488-489 [1st Dept 2009], lv denied 14 NY3d 704 [2010]; Matter of Kelley v VanDee, 61 AD3d 1281, 1283 [3d Dept 2009]; see also Matter of Creek v Dietz, 132 AD3d 1283, 1284 [4th Dept 2015], lv denied 26 NY3d 914 [2015]).
 

 We further conclude, however, that the court lacked the authority to condition any future application by the father to modify the custody and visitation order on proof of his “completion of a substance abuse evaluation and completion of any recommended treatment from this evaluation” (see Ordona, 126 AD3d at 1546; Matter of Vieira v Huff, 83 AD3d 1520, 1522 [4th Dept 2011]), and we therefore modify the order accordingly (see Matter of Gorton v Inman, 147 AD3d 1537, 1538 [4th Dept 2017]).
 

 Present—Whalen, P.J., Centra, Peradotto, Lindley and Winslow, JJ.